**James Thomas GALLOWAY, Petitioner,**

**v.**

**Lou V. BREWER, Warden of the Iowa State Penitentiary in Fort Madison, Iowa, Respondent.**

No. 75–1283.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1975.

Decided Oct. 31, 1975.

Certiorari Denied March 22, 1976. See 96 S.Ct. 1478.

Robert D. Bartels, Iowa City, Iowa, for petitioner.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for respondent.

Before CLARK,* Associate Justice, and LAY and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the United States District Court for the Southern District of Iowa refusing to issue a writ of habeas corpus sought under 28 U.S.C. § 2241. Galloway had been convicted of murder, committed during the course of an armed robbery, and was sentenced to life imprisonment by the State District Court of Iowa in 1967. On appeal the Supreme Court of Iowa reversed on the ground that the trial court had given an erroneous jury instruction as to the defense of alibi. *State v. Galloway*, 167 N.W.2d 89 (Iowa 1969). In the course of its opinion the court discussed the question of the admissibility in evidence on remand of the findings of George W. Lindberg, a polygraph examiner, with respect to a polygraph test taken by Galloway in 1967. In the event the polygraph evidence was again offered at the new trial, the court directed that it be limited to Lindberg's opinion as to Galloway's truthfulness in answering seven basic questions propounded to him by Lindberg during the polygraph examination.

On remand, the State having indicated that it would again produce Lindberg to testify as to the polygraph examination, counsel for Galloway requested of the court that the State be required to produce through Lindberg all working materials used by him in making the test, including all tapes, graphs, technical and other materials, memoranda, scientific techniques and other paraphernalia, re-cordings, findings, etc. The trial judge denied the request on the sole ground that the matter sought to be procured was not under the control of the State of Iowa or the court and was equally available to Galloway. The Supreme Court of Iowa affirmed, *State v. Galloway*, 187 N.W.2d 725 (Iowa 1971). In addition, the court found that the stipulation which permitted the polygraph examination of Galloway also specifically limited the testimony regarding the test to the opinion of Lindberg as to the truthfulness of Galloway in answering the seven basic questions. We cannot agree to such a narrow interpretation of the language of the stipulation, but even if true it could not stand up under the doctrine of *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1971).

As to the polygraph agreement made between the State and Galloway, we note that it merely provides that Lindberg *shall* give the test; that its "results * * * in the form of an opinion by the examiner George Lindberg may be offered in evidence" by either party together with the "various recordings obtained as part of the test procedure," the instrument used, the nature of the test, the reason for his opinion, etc. The agreement is completely silent as to any offering that the party not producing Lindberg may wish to make as to the latter's techniques used in making the polygraph test, the manner in which it was conducted, the basic questions propounded to Galloway, the procedures followed by Lindberg and the conclusions that might be drawn from the test as made by Lindberg. Moreover, even though the agreement be interpreted to prohibit any such testimony, we believe that the *Chambers, supra,* doctrine would require the production of all such working material used by Lindberg in order to afford Galloway the confrontation required under the Constitution. Nor can we agree that such working materials were not under the control of the State since it was producing Lindberg as

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

its witness and the working materials, etc., were used by him in making the polygraph tests. If the State refused to do so or Lindberg denied such access to the working materials, etc., then the court would be obliged to refuse to permit him to testify and require the State to proceed with the trial without the polygraph evidence.

It is, therefore, ordered that the State be required within a time certain to produce such working materials, etc., through its witness Lindberg to permit their inspection by Galloway, and that, upon a hearing, any qualified polygraph examiner selected by Galloway be permitted to testify as to the correctness of (1) the techniques and procedures followed by Lindberg in his polygraph examination; (2) the manner in which it was conducted; (3) the basic questions asked and their sequence, as well as such other testimony as might properly appraise the effectiveness of the polygraph examination given by Gallaway. And since Lindberg was permitted to testify as to the efficacy of the use of polygraph techniques, that the same be permitted the Galloway polygraph examiner. After conducting such hearing if the court finds that the admissible evidence so produced is of such probative value that its absence from the previous trial of Galloway resulted in prejudice to him, then the court shall order the State to re-try Galloway within a specified period and permit the introduction of such polygraph testimony at such trial. In the event the State fails to try Galloway in the specified period of time, the United States District Court shall order the State to dismiss the indictment. On the other hand, if the United States District Court determines that the admissible evidence so produced shows that Galloway was not prejudiced by its original exclusion, the United States District Court shall again dismiss Galloway's petition for habeas corpus relief.

In the event the State fails to produce within the specified time required by the district court all such working materials used by Lindberg in the conduct of the polygraph examination made of Galloway, including all tapes, graphs, technical and other materials, memoranda, scientific techniques, findings and other paraphernalia, then in that event the district court is to order the State to again put Galloway to trial on the murder indictment returned against him without the use of the witness Lindberg as well as the polygraph evidence presented by him in the previous trials.

It is so ordered.